# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-696-CHL

**JUSTINE MOORE,**                                                                                               **Plaintiff,**

**v.**

**SAFECO INSURANCE COMPANY OF ILLINOIS,**                        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case is set for trial by jury before the United States Magistrate Judge on June 11, 2018. The final pretrial conference was held on June 4, 2018. Plaintiff, Justine Moore ("Moore") has filed two motions in limine (DN 36), to which Defendant, Safeco Insurance Company of Illinois ("Safeco"), filed a response.[1] (DN 43.) Safeco also filed one document containing thirteen motions in limine (DN 38), to which Moore filed a response. (DN 41.) All are ripe for review. Given that overlap exists between the parties' motions, the instant memorandum opinion and order will address both Moore's and Safeco's motions.

### Background

A brief summary of the factual allegations underlying this case will help to put the parties' motions in context. This is an underinsured motorist ("UIM") coverage and bad faith case. Moore was involved in a motor vehicle accident on August 23, 2014 with non-party, Isaak Anderson ("Anderson"). (DN 1-1, at PageID # 6; DN 5, at PageID# 20.) Moore alleges that she was insured under a UIM policy issued by Safeco at the time of the accident. Moore settled with Anderson and requested additional monies from Safeco pursuant to her UIM coverage. Moore

---

[1] While Plaintiff notes that her name is now Justine Scaggs, the Court will continue to refer to her as "Moore" to avoid confusion given the caption of the case.

has now sued Safeco for breach of contract, violation of the Kentucky Unfair Claims Settlement Practices Act, and bad faith.

## Discussion

I.  **Moore's Motions in Limine (DN 36)**

Moore has made two motions in limine. (DN 36.) Moore's first motion relates to evidence of liability and/or comparative fault for the underlying collision other than the decision of Arbitration Forums, Inc., Automobile Decision, Docket #A039-00935-15-00, Publication Date June 23, 2015 ("the Arbitration Decision"). (DN 36, at PageID # 96.) Moore's second motion relates to opinion testimony by witness Isaak Anderson. (*Id.* at PageID # 2.) Each of Moore's motions is addressed below.

   A.  **Motion to Exclude Evidence of Liability/Comparative Fault for the Underlying Collision Other Than That of the Arbitration Decision**

   1.  **The Motion and Response**

Moore moves the Court to exclude any evidence of liability or comparative fault other than the Arbitration Decision on grounds of issue preclusion. (DN 36.) Moore attached a copy of the Arbitration decision as Exhibit C to her motion. (DN 36, PageID # 109-10.) Safeco filed a response in opposition arguing that none of the required elements for issue preclusion are met. (DN 43.) A close review of the relevant facts surrounding the Arbitration Decision is necessary for a full analysis of Moore's motion.

Safeco filed the claim in arbitration against Anderson's insurer, Allstate Insurance Company ("Allstate") on April 14, 2015, nearly eight months after the August 23, 2014 accident. (DN 36, PageID # 109.) Both Safeco and Allstate submitted evidence to the Arbitrator for consideration, though the decision does not contain a specific list of all evidence submitted. (*Id.*)

2

On June 23, 2015, the Arbitrator issued a decision that Safeco had proved damages in the amount of $7,999.76 and "100% liability against [Allstate]." (*Id.*) The Arbitrator specifically found that Safeco proved that Allstate/Anderson "failed to stop at a flashing red light," "yield the right of way to a vehicle that had control of the intersection," and "was not aware of their surroundings." (*Id.*) The Arbitrator indicated the basis for his decision as follows:

> The police report confirms that the respondent admitted to the police officer at the scene that they ran the flashing red light and did not know what to do at a flashing red light. The witness statement states that they did not witness the incident but witnesses both vehicles colliding in the middle of the intersection. The applicant's recorded statement confirm that they were stopped at the flashing red and proceeded forward when the respondent went through the flashing red.

(*Id.*) Accordingly, the Arbitrator awarded Safeco its requested $7,999.76 in damages.

Moore argues that Safeco should be bound by the previous liability determination it obtained. (DN 36.) Moore states that fundamental fairness and justice require Safeco be bound by the prior determination and that the result would further judicial economy because it would eliminate the need for at least four witnesses. (*Id.* at PageID # 100.) In response, Safeco argues that the arbitration was a result of an "early and incomplete investigation" and that it would be inconsistent with the principles of justice to apply issue preclusion in this case. (DN 43, at Page ID # 152, 154.)

    2.    **Analysis**

        a.    **Choice of Law**

While not raised by the parties, the Court must first consider which law applies to Moore's claim of issue preclusion: the Kentucky law largely cited by the parties or federal law. The answer to this question is "less than clear," as the Sixth Circuit recently recognized. *See*

3

*W.J. O'Neil Company v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 700 Fed. App'x 484, 489-90 (6th Cir. 2017).

Where a litigant seeks to enforce the preclusive effect of a federal court judgment, the Court must look to federal law. *See Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007). However, under the Federal Full Faith and Credit Statute, 28 U.S.C. §1738, "[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). The Arbitration Decision in the instant case is neither a federal nor a state court judgment.

When faced with a similar situation in *W.J. O'Neil Company v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, the Sixth Circuit chose to apply state law. The Sixth Circuit cited to the fact that neither party in that case had briefed the issue nor disputed the application of Michigan law. *W.J. O'Neil Company*, 700 Fed. App'x at 489-90. The same is true of the instant case. Therefore, this Court follows the Sixth Circuit and applies Kentucky's issue preclusion doctrine to Moore's motion.

### b. Issue Preclusion

Issue preclusion, sometimes referred to as collateral estoppel, "prevent[s] a defendant from relitigating issues resolved in [an] earlier proceeding." *Chesley v. Abbott*, 524 S.W.3d 471, 482 (Ky. Ct. App. 2017) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Under Kentucky law, the following elements are required to apply the doctrine: (1) the issue in the two proceedings must be identical; (2) the initial proceeding must have resulted in a final decision on the merits; (3) the issue must have been necessary to the first proceeding, with the estopped party given a "full and fair opportunity to litigate;" and (4) there must have been a prior losing litigant. Further, issue preclusion should only be applied where "the principles of justice

4

and fairness would be served by its application." *Berrier v. Bizer*, 57 S.W.3d 271, 281 (Ky. 2001). Because the Court finds that the third element of the doctrine is not met, it declines to address the other three elements.

As to the third element, Moore argues that Safeco had a full and fair opportunity to litigate because Safeco, as the applicant, choose the forum and was able to submit any evidence it thought was relevant. (DN 36, at PageID # 99.) Safeco argues in response that it did not have a full and fair opportunity to litigate because the Arbitration Decision was based on an early and preliminary investigation of the accident. (DN 43, at PageID # 152-53.)

Kentucky's treatment of preclusion doctrines in administrative proceedings is instructive as to why the Arbitration Decision does not meet this third element. Kentucky law recognizes that administrative proceedings are subject to claim preclusion, otherwise known as res judicata. *Ky. Bar Ass'n v. Harris*, 269 S.W.3d 414, 418 (Ky. 2008) ("Decisions of administrative agencies acting in a judicial capacity are entitled to the same res judicata effect as judgments of a court."). However, Kentucky courts have declined to permit issue preclusion in cases involving certain kinds of administrative proceedings, noting that the differences between those proceedings and a civil suit are such that a litigant is deprived a full and fair opportunity to litigate.

In *Board of Education v. Gray*, 806 S.W.2d 400 (Ky. Ct. App. 1991), the Kentucky Court of Appeals refused to apply issue preclusion to the findings of the Kentucky Unemployment Insurance Commission in a subsequent civil suit. In doing so, the Kentucky Court of Appeals noted that "the procedures utilized in the unemployment system" do not "grant [a] party a full, true opportunity to litigate issues . . . ." *Id.* at 403. For example, the Court noted that the rules of evidence are less stringently applied, "often "lead[ing] to the inclusion of evidence which might otherwise be inadmissible in a court of law." *Id.* Additionally, the amounts sought are often

smaller than what could be recovered in a lawsuit. *Id.* The Kentucky Supreme Court later affirmed this account of the differences in the two types of proceedings in *Berrier v. Bizer*. *Berrier*, 57 S.W.3d at 281.

Other courts have observed similar differences between arbitration proceedings and civil suits. For example, as the United States Supreme Court observed in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 57 (1974),

> The factfinding process in arbitration usually is not equivalent to judicial factfinding. The record of the arbitration proceedings is not as complete; the usual rules of evidence do not apply; and rights and procedures common to civil trials, such as discovery, compulsory process, cross-examination, and testimony under oath, are often severely limited or unavailable.

These differences are observable when comparing the Arbitration Decision and instant suit. The Arbitration Decision is based on hearsay and documents that will be inadmissible at trial of this action, such as the police report. (DN 36, at PageID # 109) (citing to the police report and witness statements to support the arbitrator's decision). There is also a vast difference between the $8,000 property damage settlement at issue in the Arbitration Decision and the potential damages involved in defending Moore's personal injury and bad faith claims. Further, neither party has presented evidence regarding whether any discovery was conducted, any witnesses gave live testimony, or any witnesses were cross-examined during the arbitration. Given the differences between arbitration and a civil suit generally and their application to the Arbitration Decision at issue, this Court finds that Safeco did not have a full and fair opportunity to litigate its claims in arbitration prior to the issuance of the Arbitration Decision.

Accordingly, Moore's motion in limine to exclude all evidence of liability/comparative fault other than the Arbitration Decision is DENIED.

### B. Motion to Exclude Opinion Testimony by Witness Isaak Anderson

Moore has moved in limine to exclude certain testimony from Anderson related to a hypothetical question asked of Anderson at his deposition. (DN 36, at PageID # 101.) While the exact text of the hypothetical and Anderson's answer were not included in either Moore's Motion or Safeco's Response, the hypothetical purportedly relates to "[w]hether Anderson would still consider himself to be at fault if another car had also not stopped at the intersection." (*Id.*) Safeco asserts that Anderson "is expected to testify that if he had known Plaintiff had also failed to stop at the flashing red light, he never would have simply assumed that he was the only one at fault for the accident." (DN 43, at Page ID # 156.) Moore asserts that this opinion is improper lay opinion testimony under Fed. R. Evid. 701.

Under Fed. R. Evid. 701, opinion testimony by a lay witness is admissible only if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Anderson's opinion as to his fault is based on his own perception of the accident and within the scope of the type of lay "reasoning familiar in everyday life" typically admitted by courts. *See United States v. White*, 492 F.3d 380, 401 (6th 2007) (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)). As Moore must prove Anderson's liability for the accident to recover, Anderson's belief as to his fault is helpful to determine a fact in issue within the meaning of Rule 701. *See Coots v. Allstate Ins. Co.,* 853 S.W.2d 895, 899 (Ky. 1993) ("[T]he liability of the tortfeasor and the amount of damages sustained are elements that must be established in measuring the UIM carrier's obligation . . . .").

However, the hypothetical referenced by counsel does not refer to Anderson's belief about his fault at the time of trial. Instead, it refers to Anderson's belief as to his prior statement that he was a fault for the accident. This opinion, though still based on Anderson's perception and within the proper scope of reasoning for a lay opinion, does not meet the second prong of Rule 701. Anderson's past opinion and his current opinion as to whether he would have uttered his past opinion are not helpful to determining overall liability for the accident; instead, it is his present opinion of his fault for the accident that will assist the jury.

Accordingly, Moore's motion to exclude opinion testimony by Anderson related to the hypothetical asked of him in his deposition is GRANTED. Anderson will be permitted to testify as to whether he presently believes he is at fault for the accident, but not whether he previously believed he was at fault or would have uttered his prior statement under any set of hypothetical conditions.

## II. Safeco's Motions in Limine (DN 38)

Safeco has submitted a single filing (DN 38) that contains thirteen motions in limine. Each motion therein is addressed below.

### A. Motion to Exclude Testimony or Statements Regarding First Report of Moore's Vocational Expert, Sara Ford

Safeco has moved in limine to exclude any testimony regarding the worklife expectancy, annual earning capacity, and lifetime loss figures in the first report of Moore's vocational expert, Sara Ford ("Ford").[2] (DN 38, at PageID # 115.) Safeco argues that because the figures in Ford's first report are based on Moore's intention to be a nurse and Moore admitted in her deposition that she no longer intends to pursue a nursing career, any testimony or statements regarding

---

[2] Safeco filed a separate objection to Ford's deposition testimony on the same basis (DN 39), but this objection will be decided by a separate memorandum opinion and order.

Ford's first report are irrelevant. In response, Moore argues that she also testified at her deposition that it was because of her injuries resulting from this accident that she changed her chosen career path, specifically her discouragement over the use of her hand. (DN 41, at PageID # 134-35.)

Relevant evidence is defined as evidence that has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. As part of her UIM claim, Moore is required to prove the amount of damages she suffered as a result of the accident. *See Coots,* 853 S.W.2d at 899 ("[T]he liability of the tortfeasor and the amount of damages sustained are elements that must be established in measuring the UIM carrier's obligation . . . ."). Ford's opinions as to Moore's earning capacity in her previous chosen career and her current chosen career both impact Moore's potential damages given her testimony that her injuries in this accident caused her to change her mind.

Accordingly, Safeco's motion in limine to exclude any testimony regarding the worklife expectancy, annual earning capacity, and lifetime loss figures in the first report of Moore's vocational expert, Sara Ford is DENIED. However, Moore will still have to meet her burden under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny before any opinion by Ford will be admitted at trial.

B.  **Motion to Exclude Testimony or Statements Regarding the Arbitrator's Decision**

Safeco has moved in limine to exclude any testimony or statements regarding the Arbitration Decision on grounds that the same invades the jury's fact-finding role, could cause juror confusion, and would prejudice Safeco's defense. (DN 38, at PageID # 116.) Moore again

argues in response that the Arbitration Decision is binding on Safeco and should have a preclusive effect. (DN 41, at PageID # 136-39.) As this Court has already ruled that the elements for the application of issue preclusion are not met, Moore's arguments are unpersuasive.

Under Fed. R. Evid. 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [and] misleading the jury . . . ." The Court incorporates herein by reference its discussion above as to the differences between arbitration and a civil suit. Given both these differences and the fact that the Arbitration Decision appears to decide the same issue facing the jury in this case, the Court finds that introduction of the same would be likely to confuse and mislead the jury. This danger outweighs any probative value of the Arbitration Decision itself.

Accordingly, Safeco's motion in limine to exclude any testimony or statements regarding the Arbitration Decision is GRANTED.

### C. Motion to Exclude Testimony or Statements Regarding Fault or Liability in Police Report of Officer C. Grossman

Safeco has moved in limine to exclude testimony regarding statements by Anderson and Officer Grossman in the police report of the accident as inadmissible hearsay. (DN 38, at PageID # 117.) Specifically, Safeco moves to exclude Anderson's statement that "he did not know what to do at a four way stop" and Officer Grossman's statement that Anderson "admitted to the officer that the accident was his fault." (*Id.* at PageID # 118.) Safeco's Motion in Limine does not limit the Motion to only testimony by Officer Grossman regarding these statements. (*Id.*)

Fed. R. Evid. 801(c) defines hearsay as a statement made by the declarant other than "while testifying at the current trial or hearing" that is offered in to evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Both Anderson's and Officer Grossman's statements are out of court statements within the meaning of Fed. R. Evid. 801(c)(1). Moore does not argue in response to Safeco's motion that she would seek to offer either Anderson's or Officer Grossman's statement for any purpose other than to prove the truth of the matter asserted therein, i.e. that Anderson in fact said the accident was his fault and that Anderson didn't know what to do at a four way stop. However, in discussing this matter at the final pretrial, Moore argued that she would be offering the testimony of Officer Grossman only to prove that Anderson made the statement in question, rather than to prove the truth of the matter asserted. The Court finds this argument unavailing. The question is not whether Anderson *previously said* that the accident was his fault and that he did not know what to do at a flashing red light. The question is whether Anderson *does* consider himself at fault for the accident and whether or not he *knew* at the time of the accident what to do at a flashing red light. Put another way, whether Anderson made the statement or not does not have any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence, and thus is not relevant under Fed. R. Evid. 401. In the absence of some other relevant purpose for which to introduce the evidence, Anderson and Officer Grossman's statements are undoubtedly hearsay. Accordingly, the statements are inadmissible under Fed. R. Evid. 802 unless they fall into some exception to the hearsay rule.

With respect to Anderson's statement, Moore argues that Anderson's opinion is admissible under Fed. R. Evid. 801 given that "the underlying tort is the subject of a 'trial within a trial' for the within contract claim." (DN 41, at PageID # 139.) Presumably, Moore refers to

11

Fed. R. Evid. 801(d)(2), which provides that a statement made by and offered against an opposing party is "not hearsay" and admissible. Fed. R. Evid. 801(d)(2). However, Moore cites no law in support of the proposition that a UIM case is a "trial within a trial." To the contrary, Kentucky law on UIM claims is clear that a UIM case is a direct breach of contract action against the insurer, and "the [UIM] carrier alone is the real party in interest . . . ." *Coots*, 853 S.W.2d at 903. The tortfeasor is not a necessary party to the UIM action. Here, Anderson is not a party to the present proceeding, and his statement is not admissible under Fed. R. Evid. 801(d)(2).

With respect to Officer Grossman's statement, Moore argues that Officer Grossman may refer to the report to refresh his recollection at trial, and therefore, the statements therein should be admitted. (DN 41, at PageID # 139.) This contention is premature given that Officer Grossman has not yet testified, nor has either party established that Officer Grossman's recollection would need to be refreshed. Additionally, the Court directs both parties to the strictures of Fed. R. Evid 612, which sets forth the circumstances under which a writing used to refresh a witnesses memory may be introduced by an **adverse** party only. Fed. R. Evid. 612. Moore's argument does not give this Court a basis to admit the statements at this time.

Accordingly, Safeco's motion in limine to exclude any testimony, from any witness, regarding the statements in the police report as inadmissible hearsay is GRANTED.

D. **Motion to Exclude Testimony or Statements Regarding UIM Policy Limits and/or UIM Setoffs for PIP Payments and Plaintiff's Settlement with Anderson**

Safeco has moved in limine to exclude all evidence related to UIM policy limits, setoffs available to Safeco, including those setoffs for PIP benefits paid to Moore and the amount paid to Moore by Anderson's carrier. (DN 38, at PageID # 118.) Moore does not oppose this motion. Instead, Moore argues that the fact of the existence of UIM coverage, that premiums had been

12

paid, and that Anderson's insurer tendered its policy limits should all be admissible. (DN 4, at PageID #139.)

As the topics identified by Moore are not the subject of a separate motion in limine, nor are they precluded by the motion in limine as to UIM policy limits and the setoffs available to Safeco, Safeco's motion is GRANTED.

### E. Motion to Exclude Testimony or Statements Regarding Plaintiff's Bad Faith Claim Asserted Against Safeco

Moore does not oppose this motion in limine.

Accordingly, Safeco's motion in limine to exclude any mention or implication concerning Moore's bad faith claims during the trial of Moore's underlying claims is GRANTED.[3]

### F. Motion to Exclude Examination of Safeco's Corporate Representative

Safeco has moved in limine to exclude the examination of any Safeco corporate representative identified on Moore's witness list. In doing so, Safeco offers to stipulate that (1) at the time of the accident, Moore was insured by a valid UIM policy with Safeco; and (2) Moore settled with Anderson at least thirty days after providing Safeco with written notice of the proposed settlement. (DN 38, at Page ID # 119.) Safeco argues that any other topics about which Safeco's corporate representative could testify would be related to Safeco's claims handling and Moore's bad faith claims, which are not at issue at the upcoming trial. (*Id.*).

---

[3] While both parties assert in their motion and response that Moore's bad faith claims have been bifurcated from the upcoming trial and that discovery on those claims was stayed, there does not appear to be an order in the docket to this effect. Nor does it appear that the parties ever made a formal motion to bifurcate Moore's bad faith claims or stay discovery on the same. However, it was the Court's intention that such an order be entered, and this case has been practiced accordingly. Therefore, the Court finds no prejudice in conducting the upcoming trial solely on Moore's UIM claim.

In response, Moore accepts Safeco's stipulations, but argues that there is still a need for testimony from a Safeco representative concerning the Arbitration Decision. As this Court has granted Safeco's Motion in Limine to exclude any testimony regarding the Arbitration Decision, Moore's argument is moot.

Accordingly, Safeco's motion in limine to exclude examination of Safeco's Corporate Representative is GRANTED in light of Safeco's stipulations.

### G. Motion to Exclude Testimony Regarding Settlement Offers or Negotiations

Moore does not oppose this motion in limine.

Accordingly, Safeco's motion in limine to exclude any testimony regarding settlement offers or negotiations is GRANTED.

### H. Motion to Exclude Testimony or Statements Regarding the Financial Condition of the Parties

Safeco has moved in limine to exclude evidence and testimony regarding Moore's or Safeco's financial condition as irrelevant. (DN 38, at PageID # 120.) Moore does not oppose this motion generally, but states that to the extent Safeco inquires as to why Moore is not working full time, Moore may be required to testify as to her financial condition to answer. (DN 41, at PageID # 140.)

Pursuant to longstanding Kentucky law, evidence of the parties' respective financial condition is inadmissible. *See Hardaway Mgmt. Co. v. Southerland*, 977 S.W.2d 910, 916 (Ky. 1998) (citing *Dawson v. Shannon*, 9 S.W.2d 998, 999 (Ky. 1928) ("It has been the law of this Commonwealth for almost one hundred years that in an action for punitive damages, the parties may not present evidence or otherwise advise the jury of the financial condition of either side of the litigation. The same rule applies in cases where punitive damages are not sought."). The

parties' financial condition is irrelevant in this action. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). To the extent that Moore is asked a question regarding whether she is working full time, her answer would relate to her damages and would not be the type of general reference to the financial ability or inability of either party that is precluded by the instant motion.

For the foregoing reasons, Safeco's motion to exclude evidence and testimony regarding the financial condition of the parties is GRANTED.

### I. Motion to Exclude "Golden Rule" Testimony

Moore does not oppose this motion.

Accordingly, Safeco's motion in limine to preclude any arguments or testimony placing the jury "in the shoes" of Moore or asking the jury to imagine what it is like for Moore is GRANTED.

### J. Motion to Exclude Opinion Testimony from Plaintiff's Lay Witnesses or Non-Disclosed Experts

The Court reads this motion as a request to have Moore abide by the Federal Rules of Evidence, specifically Fed. R. Evid. 701-703 regarding opinion testimony by lay and expert witnesses. Counsel and parties are always expected to abide by the Federal Rules of Evidence. Therefore, this motion in limine presents no issue for the Court to decide.

Accordingly, Safeco's Motion in Limine to exclude opinion testimony from Moore's lay witnesses or non-disclosed experts is DENIED.

### K. Motion for Separation of Plaintiff's Lay Witnesses

Moore does not object to Safeco's motion for separation of Moore's lay witnesses pursuant to Fed. R. Evid. 615.

Accordingly, Safeco's Motion for Separation of Moore's lay witnesses is GRANTED.

### L. Motion for Disclosure of the Sequence of Plaintiff's Witnesses at Trial Twenty-Four Hours Prior

Safeco has made a motion to require Moore to disclose the names and expected sequence of witnesses during presentation of her case in chief. (DN 38, at PageID # 123.) Moore opposes the motion as an improper motion in limine and also notes that the request is not covered by the Court's pretrial order. (DN 41, at PageID # 141.) The Court is aware of no rule requiring it to grant such a request and, absent the agreement of the parties, is reluctant to impose any such limitation.

Accordingly, Safeco's Motion for Disclosure of the Sequence of Plaintiff's Witnesses at Trial Twenty-Four Hours Prior is DENIED WITHOUT PREJUDICE. However, in the interests of efficiency and to assist the Court with the conduct of trial, counsel should be able to identify on each morning of trial the witnesses he or she expects to testify that particular day.

### M. Motion for Disclosure of Plaintiff's Demonstrative Exhibits Twenty-Four Hours Prior

Safeco has made a motion to require Moore to disclose demonstrative exhibits at least twenty-four hours prior to trial. (DN 38, at PageID # 123.) Moore opposes the motion as an improper motion in limine and also argues that the request is not covered by the Court's Pretrial Order. (DN 41, at PageID # 141.)

The Court directs the parties to its Pretrial Order, which required the parties to file "a list of all exhibits which are to be used in any manner during trial, **regardless of whether the item**

**is to be offered into evidence.**" (DN 26.) This language encompasses demonstrative exhibits, and the Court notes that Safeco identified at least one demonstrative exhibit on its Exhibit List (DN 32) in compliance with the Court's Pretrial Order.

Accordingly, Safeco's Motion for Disclosure of Plaintiff's Demonstrative Exhibits Twenty-Four Hours Prior is DENIED as moot given that the deadline for disclosure of demonstrative exhibits has already passed. To the extent either party failed to identify additional demonstrative exhibits on their respective exhibit lists, the parties are ORDERED to identify and exchange said exhibits **on or before 5:00 p.m. on June 7, 2018.**

### Order

Accordingly, IT IS HEREBY ORDERED as follows:

(A)  Moore's motions in limine are GRANTED IN PART and DENIED IN PART as follows

(1)  Moore's motion in limine to exclude all evidence of liability/comparative fault other than the Arbitration Decision is DENIED.

(2)  Moore's motion to exclude opinion testimony by Anderson related to the hypothetical asked of him in his deposition is GRANTED. Anderson will be permitted to testify as to whether he presently believes he is at fault for the accident, but not whether he previously said that he believed he was at fault or would have uttered his prior statement under any set of hypothetical conditions.

(B)  Safeco's motions in limine are GRANTED IN PART and DENIED IN PART as follows:

(1) Safeco's motion in limine to exclude the any testimony regarding the worklife expectancy, annual earning capacity, and lifetime loss figures in the first report of Moore's vocational expert, Sara Ford is DENIED.

(2) Safeco's motion in limine to exclude any testimony or statements regarding the Arbitration decision is GRANTED.

(3) Safeco's motion in limine to exclude any testimony, from any witness, regarding statements in the police report as inadmissible hearsay is GRANTED.

(4) Safeco's motion in limine to exclude testimony or statements regarding UIM policy limits and/or UIM setoffs for PIP payments and Moore's settlement with Anderson is GRANTED.

(5) Safeco's motion in limine to exclude any mention or implication concerning Moore's bad faith claims during the trial of Moore's underlying claims is GRANTED.

(6) Safeco's motion in limine to exclude examination of Safeco's Corporate Representative is GRANTED in light of Safeco's stipulations that (1) at the time of the accident, Moore was insured by a valid UIM policy with Safeco; and (2) Moore settled with Anderson at least thirty days after providing Safeco with written notice of the proposed settlement.

(7) Safeco's motion in limine to exclude any testimony regarding settlement offers or negotiations is GRANTED.

(8) Safeco's motion to exclude evidence and testimony regarding the financial condition of the parties is GRANTED.

(9) Safeco's motion in limine to preclude any arguments or testimony placing the jury "in the shoes" of Moore or asking the jury to imagine what it is like for Moore is GRANTED.

(10) Safeco's Motion in Limine to exclude opinion testimony from Moore's lay witnesses or non-disclosed experts is DENIED.

(11) Safeco's Motion for Separation of Moore's lay witnesses is GRANTED.

(12) Safeco's Motion for Disclosure of the Sequence of Plaintiff's Witnesses at Trial Twenty-Four Hours Prior is DENIED WITHOUT PREJUDICE.

(13) Safeco's Motion for Disclosure of Plaintiff's Demonstrative Exhibits Twenty-Four Hours Prior is DENIED as moot. To the extent either party failed to identify additional demonstrative exhibits on their respective exhibit lists, the parties are ORDERED to identify and exchange said exhibits **on or before 5:00 p.m. on June 7, 2018.**

cc: Counsel of record