UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-696-CHL

JUSTINE MOORE,                                                                               Plaintiff,

v.

SAFECO INSURANCE COMPANY OF ILLINOIS,                         Defendant.

## MEMORANDUM OPINION AND ORDER

This case is set for trial by jury before the United States Magistrate Judge on June 11, 2018. The final pretrial conference was held on June 4, 2018. Plaintiff, Justine Moore ("Moore") has filed her Exhibit List (DN 30) and Witness List (DN 31) to which Defendant, Safeco Insurance Company of Illinois ("Safeco"), filed objections.[1] (Objections to Exhibit List, DN 44; Objections to Witness List, DN 39.) Safeco also filed its Exhibit List (DN 32) and Witness List (DN 33) to which Moore filed objections. (Objections to Exhibit List, DN 40; Objections to Witness List, DN 35.) All are ripe for review, and the instant memorandum opinion and order will address both Moore's and Safeco's motions.

## Background

A brief summary of the factual allegations underlying this case will help to put the parties' motions in context. This is an underinsured motorist ("UIM") coverage and bad faith case. Moore was involved in a motor vehicle accident on August 23, 2004 with non-party, Isaak Anderson. (DN 1-1, at PageID # 6; DN 5, at PageID# 20.) Moore alleges that she was insured under a UIM policy issued by Safeco at the time of the accident. Moore settled with Anderson and requested additional monies from Safeco pursuant to her underinsured motorist coverage.

---
[1] While Plaintiff notes that her name is now Justine Scaggs, the Court will continue to refer to her as "Moore" to avoid confusion given the caption of the case.

Moore has now sued Safeco for breach of contract, violation of the Kentucky Unfair Claims Settlement Practices Act, and bad faith.

## Discussion

I.  **Moore's Objections to Safeco's Exhibit List (DN 40)**

    A.    **Dr. Michael M. Best's Expert Report**

Safeco lists the expert report of Dr. Michael M. Best ("Dr. Best") as an exhibit it intends to introduce at trial. (DN 32, at PageID # 90.) Moore objects on grounds that introducing Dr. Best's Report is cumulative and prejudicial to Moore as it in essence allows the jury to hear Dr. Best's testimony twice and take it to the jury room with them. (DN 40, at PageID # 131.)

Dr. Best is expected to testify at trial via videotaped trial deposition testimony. (DN 33, at PageID # 92.) Therefore, Dr. Best's opinion will be introduced to the jury via his testimony, not by his expert report. Accordingly, Moore's objection is hereby SUSTAINED. No party shall be permitted to introduce the expert report of Dr. Best at trial.

    B.    **Exhibits from Dr. Best's Deposition**

Safeco lists the videotaped trial deposition with exhibits of Dr. Best as an exhibit it intends to introduce at trial. (DN 32, at PageID # 90.) Moore objects because the deposition of Dr. Best had not yet occurred at the time she filed her objections.

This Court's Pretrial Order requires a party to file a written objection to any excerpt of a deposition an opposing party plans to use at trial so objections can be dealt with in advance. (DN 26, at PageID # 76.) Therefore, Moore's objection to preserve all objections is SUSTAINED. Pursuant to the Court's June 5, 2018 Pretrial Conference Order, Moore is directed to file any objections to any exhibits to Dr. Best's deposition **on or before 5:00 p.m. on June 7, 2018**.

### C. Deposition Transcripts of Justine Moore, Isaak Anderson, Mackenzie Hornback, and Vellancis Robinson

Safeco lists "[a]ll transcripts and/or videos of all fact depositions taken in this case . . ." as exhibits it intends to introduce at trial. (DN 32, at Page ID # 90.) Moore objects on grounds that introducing the transcripts of witnesses who are going to testify live at trial is cumulative and would allow the witnesses to be in the jury room during deliberations. (DN 40, at Page ID # 132.)

Justine Moore, Isaak Anderson, Mackenzie Hornback, and Vellancis Robinson are all expected to testify live at trial. (DN 31, at Page ID # 86-87; DN 33, at Page ID # 92.) Therefore, their deposition testimony will only be admissible at trial to the extent it is introduced by either party for impeachment purposes. Moore's objection is hereby SUSTAINED. No party shall be permitted to introduce the entire deposition transcript of Justine Moore, Isaak Anderson, Mackenzie Hornback, or Vellancis Robinson at trial. The Court reserves a ruling as to whether portions of the deposition transcripts of the above-named individuals may be admissible for some other purpose under the Federal Rules of Evidence.

### D. All Documents Produced in Discovery

Safeco lists "[a]ll documents produced by Plaintiff and/or Safeco in response to written discovery" as exhibits it intends to introduce at trial. (DN 32, at Page ID # 90.) Moore objects on the basis that the parties have produced numerous documents and that it is impossible without a more specific identification for Moore to review and object to each of these documents prior to trial. (DN 40, at Page ID# 32.)

The Court's Pretrial Order requires a party to file a written objection in response to an exhibit list or else waive any objection to the exhibit's use at trial. (DN 26, at PageID # 74-75.)

However, given the vagueness of Safeco's disclosure, this Court finds that Moore has complied with its Pretrial Order. Accordingly, Moore's objection to preserve all objections as to the introduction of "all documents produced in discovery" is hereby SUSTAINED. Notwithstanding its Pretrial Order, Moore will be permitted to object to any exhibit introduced by Safeco that was produced in discovery between the parties, but not specifically identified on Safeco's Exhibit List.

**II.     Moore's Objections to Safeco's Witness List (DN 35)**

Safeco lists Dr. Best as a witness whose testimony it intends to introduce via videotaped trial deposition testimony. (DN 33, at Page ID # 92.) Moore objected on the basis that Dr. Best's deposition had not yet been taken and reserved the right to later file any objections to Dr. Best's testimony. (DN 35.) The parties advised at the Pretrial Conference that Dr. Best's deposition has now taken place as scheduled. Therefore, Moore's objection to preserve all objections as to Dr. Best's deposition testimony is SUSTAINED. Moore is directed to file any specific objections to Dr. Best's deposition testimony **on or before 5:00 p.m. on June 7, 2018** in compliance with this Court's June 5, 2018 Pretrial Conference Order. (DN 53.)

**III.    Safeco's Objections to Moore's Exhibit List (DN 44)**

    **A.     The Arbitration Forums, Inc. Decision**

Moore lists the June 23, 2015 Arbitration Forums, Inc., Automobile Decision, Docket No. A039-00935-15-00 (the "Arbitration Decision") as an exhibit she intends to introduce at trial. (DN 30, at PageID # 83.) Safeco objects because the same would invite the jury's fact-finding role, cause juror confusion, and prejudice Safeco. (DN 44, at PageID # 158-60.) Given this Court has already granted Safeco's Motion in Limine to exclude any testimony regarding the

Arbitration Decision (DN 54, at PageID # 255-56), Safeco's objection is hereby SUSTAINED. The Arbitration Decision shall not be introduced as an exhibit at trial by either party.

> B. **Worklife Expectancy, Annual Earning Capacity, and Lifetime Loss Figures in Sara Ford's First Report**

Safeco suggests that Moore will attempt to introduce her expert's, Sara Ford's, first report into evidence. (DN 44, at PageID # 160-61.) Safeco notes that this report is "not specifically listed" on Moore's Exhibit List, but notes that Moore has listed "any document . . . produced by any party." (*Id.*)

Safeco specifically objects to the introduction of the worklife expectancy, annual earning capacity, and lifetime loss figures in Ford's first report. (*Id.* at PageID # 161.) This information was also the subject of a separate motion in limine (DN 38 at PageID # 115-16), which this Court subsequently denied. (DN 54, at PageID # 254-55.) Therefore, Safeco's objection to the introduction of specific worklife expectancy, annual earning capacity, and lifetime loss figures in Ford's first report is OVERRULED as moot.[2]

> C. **The Police Report of Officer Grossman**

Safeco postulates that Moore will seek to introduce the police report associated with the accident. (DN 44, at PageID # 161.) Safeco notes that the police report is "not specifically listed" on Moore's Exhibit List, but notes that Moore has listed "any document . . . produced by any party. (*Id.*) The police report is not listed on Moore's Exhibit List (DN 30), and Moore stated in her responses to Safeco's Motions in Limine that she does not intend to introduce the

---

[2] Safeco's objection specifically targets certain figures in Ford's first expert report. Safeco's motion does not seek to bar the introduction of Ford's entire first or second expert report. While the Court's ruling does not directly address this issue, the Court directs the parties to its ruling on the admissibility of Dr. Best's expert report above for the likely resolution of the same should the issue arise at trial.

5

police report into evidence. (DN 41, at PageID# 139.) Accordingly, Safeco's objection is OVERRULED as moot given no party has suggested it intends to introduce the police report.

D.     **Medical Expense Summary**

Moore lists a medical expense summary pursuant to Fed. R. Evid. 1006 and supporting documents as an exhibit she intends to introduce at trial. (DN 30, at PageID# 84.) Safeco objected on grounds that though it and Moore had agreed on the amounts listed on the summary, it had not yet seen the final exhibit. (DN 44, at Page ID # 161.) However, Safeco recently stated in its Trial Brief that it "has no objections to [Moore's] proposed exhibits of Medical Expenses, and has verified each bill summarized on that exhibit." (DN 48, at PageID# 185.)

Accordingly, Safeco's objection to Moore's Medical Expense Summary is OVERRULED as moot.

E.     **Safeco Insurance Policy**

Moore lists the insurance policy issued by Safeco as an exhibit she will seek to introduce at trial of this case. (DN 30.) Safeco objects on grounds that Safeco has agreed to stipulate "that the UIM policy was in effect on the date of the accident, and that the premiums had been paid." (DN 44, at PageID # 162.)

Under Fed. R. Evid. 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [and] misleading the jury . . . ." Here, the Court finds that introducing the entire insurance policy into evidence for the jury's examination would be likely to confuse and mislead the jury given the limited purpose on which the policy would be probative is satisfied by Safeco's stipulation. Accordingly, Safeco's objection to the introduction of the insurance policy is hereby SUSTAINED. No party shall seek to introduce the insurance policy issued by Safeco into evidence.

F.    Preservation of Objections As To Certain Categories of Documents

In her exhibit list, Moore reserves the right to use at trial "any exhibit to any deposition taken . . . in this case," "any document or photograph produced by any party in the course of discovery," and "impeachment and/or rebuttal exhibits." (DN 30, at PageID # 84.) Safeco reserves the right to object "on a document by document basis" to these items. (DN 44, at PageID # 162.)

This Court's Pretrial Order requires a party to file a written objection in response to an exhibit list or else waive any objection to the exhibit's use at trial. (DN 26, at PageID # 74-75.) However, given the vagueness of Moore's disclosure, this Court finds that Safeco has complied with the Court's Pretrial Order. Accordingly, Safeco's objection to preserve all objections as to the above-listed categories of documents is hereby SUSTAINED. Notwithstanding its Pretrial Order (DN 26), Safeco will be permitted to object to any exhibit introduced by Moore that was produced in discovery between the parties, used as an exhibit to a deposition, or that Moore uses as impeachment or rebuttal evidence that Moore did not specifically identify on her Exhibit List.

IV.    Safeco's Objections to Moore's Witness List (DN 39)

Safeco has filed objections to the deposition testimony of Moore's expert witness Sara Ford. (DN 39.) Specifically, Safeco objects to the same worklife expectancy, annual earning capacity, and lifetime loss figures in Ford's first report that have been the subject of both a motion in limine (DN 38 at PageID # 115-16) and an objection to Moore's Exhibit List above (DN 30, at PageID # 160-61). (DN 39.)

Moore's Witness List indicates that Sara Ford is to testify live at trial, not by deposition. (DN 31, at PageID #87.) Additionally, the Court previously ruled on Safeco's Motion in Limine as to Ford's testimony that Ford would be permitted to testify to the numbers in her first report.

(DN 54, at PageID # 254-55.) Accordingly, Safeco's objection to the deposition testimony of Ford is OVERRULED as moot.

## Order

Accordingly, IT IS HEREBY ORDERED as follows:

(A) Moore's objections to Safeco's exhibit list are hereby SUSTAINED IN PART and OVERRULED IN PART as follows:

(1) Moore's objection to the introduction of Dr. Best's expert report is hereby SUSTAINED. No party shall be permitted to introduce the expert report of Dr. Best at trial.

(2) Moore's objection to preserve all objections as to the exhibits to the deposition of Dr. Best is hereby SUSTAINED. Pursuant to the Court's June 5, 2018 Pretrial Conference Order (DN 53), Moore is directed to file any objections to any exhibits to Dr. Best's deposition **on or before 5:00 p.m. on June 7, 2018**.

(3) Moore's objection to the introduction of the deposition transcripts of Justine Moore, Isaak Anderson, Mackenzie Hornback, or Vellancis Robinson at trial is hereby SUSTAINED. No party shall be permitted to introduce the entire deposition transcript of the above-named individuals. The Court reserves a ruling as to whether particular portions of the deposition transcript of the above-named individuals may be admissible for some other purpose permissible under the Federal Rules of Evidence.

(4) Moore's objection to preserve all objections to the introduction of any document produced in written discovery is HEREBY SUSTAINED. Notwithstanding its Pretrial Order (DN 26), Moore will be permitted to object to any exhibit introduced by Safeco that was produced in discovery between the parties but not specifically identified on Safeco's Exhibit List.

(B) Moore's objection to preserve all objections as to the deposition of Dr. Best is hereby SUSTAINED. Pursuant to the Court's June 5, 2018 Pretrial Conference Order (DN 53), Moore is directed to file any objections to any exhibits to Dr. Best's deposition **on or before 5:00 p.m. on June 7, 2018**.

(C) Safeco's objections to Moore's exhibit list are hereby SUSTAINED IN PART and OVERRULED IN PART as follows:

(1) Safeco's objection to the introduction of the Arbitration Decision is hereby SUSTAINED. The Arbitration Decision shall not be introduced as an exhibit at trial by either party.

(2) Safeco objection to the introduction of the worklife expectancy, annual earning capacity, and lifetime loss figures in Ford's first report is OVERRULED as moot.

(3) Safeco's objection to the introduction of the police report is OVERRULED as moot.

(4) Safeco's objection to Moore's Medical Expense Summary is OVERRULED as moot.

(5) Safeco's objection to the introduction of the insurance policy is hereby SUSTAINED. No party shall seek to introduce the insurance policy issued by Safeco into evidence.

(6) Safeco's objection to preserve all objections as to the introduction of any document produced in discovery between the parties, used as an exhibit to a deposition, or that Moore uses as impeachment or rebuttal evidence that was not previously identified on Moore's Exhibit List (DN 30) is hereby SUSTAINED. Notwithstanding its Pretrial Order (DN 26),

Safeco will be permitted to object to any document in the above-listed categories that Moore seeks to introduce at trial.

      (D)    Safeco's objection to the deposition testimony of Ford (DN 39) is OVERRULED as moot.

cc: Counsel of record