UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-696-CHL

**JUSTINE MOORE,**                                                                                    **Plaintiff,**

v.

**SAFECO INSURANCE COMPANY OF ILLINOIS,**                     **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is set for a jury trial on June 11, 2018. Defendant, Safeco Insurance Company of Illinois ("Safeco") and Plaintiff Justine Moore ("Moore") have filed objections to the trial deposition of Safeco's expert, Dr. Michael M. Best ("Dr. Best").[1] (Safeco's Objections, DN 51; Moore's Objections, DN 55.) Moore also filed a response to Safeco's objections. (DN 58.) All objections are ripe for review, and the instant memorandum opinion and order will address both Moore's and Safeco's objections.

## BACKGROUND

Safeco disclosed Dr. Best as an expert witness on March 12, 2018. (DN 24.) Dr. Best performed an Independent Medical Examination ("IME") of Moore and issued a report detailing his findings. (*Id.* at PageID # 70.) On their witness lists, both Moore and Safeco indicated that they intended to call Dr. Best at trial though a videotaped trial deposition. (DN 31, at PageID # 88; DN 33, at PageID # 92.) However, that deposition had not yet taken place as of the due date for objections to deposition testimony under this Court's March 12, 2018 Pretrial Order. (DN 26.) The Court ordered that any such objections be filed by 5:00 p.m. on June 7, 2018. (DN 53.)

---

[1] While Plaintiff notes that her name is now Justine Scaggs, the Court will continue to refer to her as "Moore" to avoid confusion given the caption of the case.

Safeco timely filed its objections on June 4, 2018. (DN 51.) Moore timely filed her objections on June 6, 2018. (DN 55.) Moore also filed an objection in response to Safeco's objections. (DN 57.)

## DISCUSSION

I. **Moore's Objection to Testimony Regarding Expert Report and Exhibit 3 of Dr. Best's Deposition**

Moore objected to the introduction of p. 12:14 – 13:2 of Dr. Best's testimony.[2] (DN 55, at PageID # 266.) This portion of Dr. Best's testimony consists of Dr. Best looking at his expert report, confirming it is an accurate copy, and confirming that he already had a copy of it in front of him. (*Id.* at PageID # 268-69.) Moore has also objected to the introduction of Exhibit 3 to Dr. Best's deposition. (*Id.* at PageID # 266.) Exhibit 3 is Dr. Best's expert report. (*Id.*) Safeco did not file a response or cross-objection.

This Court already sustained Moore's objection to the introduction of Dr. Best's expert report in ruling on the Parties' objections to witness and exhibit lists. (DN 59, at PageID # 318.) Accordingly, Moore's objection is hereby SUSTAINED. Exhibit 3 to Dr. Best's deposition testimony shall not be admissible at trial. Counsel may neither read into evidence nor show corresponding portions of any video for p. 12:14 – 13:2 of Dr. Best's deposition.

II. **Objections to Questioning Regarding Police Report**

Moore and Safeco have made overlapping objections to a portion of Dr. Best's deposition where Moore's counsel questions Dr. Best about an accident description contained in his expert report and then reads the description of the accident that forms the basis for this action into the record. A brief summary both of Dr. Best's testimony and the background on this issue as set forth by the Parties in their respective objections is necessary to analyze the Parties' objections.

---

[2] The Court will refer to the transcript of Dr. Best's deposition by page and line number in the following format: p. Page No. : Line No(s).

Dr. Best was retained by Safeco to perform an IME of Moore and prepare a corresponding report and functional capacity evaluation. (DN 24, at PageID # 69-70.) As part of that process, Safeco sent Dr. Best certain records to review. (*Id.* at PageID # 70; DN 51, at PageID # 210 n. 2.) Safeco admits that Dr. Best was "inadvertently" sent a copy of a police report from a motor vehicle accident in which Moore was involved in January 2016. (DN 51, at PageID # 210 n. 2.) It is undisputed that the accident underlying the instant action occurred on August 23, 2014. (*Id.*). However, Dr. Best's expert report contains a quote from the 2016 police report, which allegedly "incorrectly stated [] the mechanism of injury which is the subject matter of the pending lawsuit." (DN 57, at PageID # 275, 279-80; DN 51 at PageID # 210 n. 2.)

At his deposition, during cross-examination by Moore's counsel, Dr. Best was asked about the description he included in his report. (DN 57, at PageID # 279-80.) After admitting that he did not know why the description of the 2016 collision appeared in his report, Dr. Best was asked by Moore's counsel to read the description of the August 23, 2014 accident into the record. (*Id.* at PageID # 280.) Dr. Best refused, and therefore, Moore's counsel read the description into the record himself. (*Id.* at PageID # 280-82.)

Safeco has objected to the entire portion of Dr. Best's deposition testimony containing both the quote from the correct August 23, 2014 police report and Moore's counsel's line of questioning concerning the same on grounds of inadmissible hearsay. (DN 51.) Specifically, Safeco objects to p. 41:9 – 44:11 of Dr. Best's deposition. (*Id.*) Moore has filed a corresponding objection to solely the portion of Dr. Best's deposition where Moore's counsel reads the description of the correct accident from the police report into the record. (DN 55, at PageID # 267.) Moore argues that only p. 43:9 – 44:6 should be excluded. (DN 55, at PageID # 267.)

3

As to p. 43:9 – 44:6 of Dr. Best's deposition, this Court previously ruled that the statements of Officer Grossman and Isaak Anderson in the police report were inadmissible hearsay in response to a motion in limine by Safeco. (DN 54, at PageID # 256-58.) Given this ruling and given that the parties are in agreement that p. 43:9 – 44:6 of Dr. Best's deposition are objectionable, Moore's objection to this excerpt is hereby SUSTAINED. Safeco's objection is similarly SUSTAINED as to p. 43:9 – 44:6 only.

Safeco's only rationale for excluding the entirety of p. 41:9 – 44:11 of Dr. Best's deposition is that it is inadmissible hearsay. (DN 51, at PageID # 211.) While the quotation from the police report raises hearsay concerns, Moore's counsel's questioning of Dr. Best regarding the discrepancy in his report raises no such issue. Moore objects to excluding this line of questioning because the same constitutes evidence probative of Dr. Best's credibility and the weight a jury should afford to Dr. Best's testimony. (DN 57, at PageID # 276.)

"It is the province of the jury to weigh the credibility of witnesses, including witnesses testifying as experts." *Conde v. Velsicol Chemical Corp.*, 804 F. Supp. 972, 986 (S.D. Ohio 1992) (citing *Coal Resources, Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 775 (6th Cir. 1989)). Safeco intends to offer Dr. Best's opinion as some evidence to dispute Moore's claimed damages. (*See* DN 24.) Therefore, to the extent Dr. Best's opinion regarding Moore's injuries is or was based on incorrect information or could otherwise be called into question, the jury is entitled to hear testimony to that effect so that they can properly and fully evaluate Dr. Best's testimony. Accordingly, Safeco's objection to p. 41:9 – 43:8 and p. 44:7-11 of Dr. Best's deposition is hereby OVERRULED.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

(A)   Moore's objections to the trial deposition of Dr. Best are hereby SUSTAINED. Exhibit 3 to Dr. Best's deposition testimony shall not be admissible at trial. Counsel may neither read into evidence nor show corresponding portions of any video for p. 12:14 – 13:2 of Dr. Best's deposition. Additionally, counsel may neither read into evidence nor show corresponding portions of any video for p. 43:9 – 44:6 of Dr. Best's deposition.

(B)   Safeco's objections to the trial deposition of Dr. Best are hereby SUSTAINED IN PART and OVERRULED IN PART. Safeco's objection as to p. 43:9 – 44:6 of Dr. Best's deposition is SUSTAINED. However, Safeco's objection as to p. 41:9 – 43:8 and p. 44:7-11 is hereby OVERRULED.

cc:  Counsel of record