FILED
VANESSA L. ARMSTRONG, CLERK
JUN 13 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-696-CHL

JUSTINE MOORE,          Plaintiff,

v.

SAFECO INSURANCE COMPANY OF ILLINOIS,          Defendant.

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, I will give you instructions on the law applicable to this case and how to reach a verdict.

It is your duty as jurors to follow the law stated in the instructions and to apply it to the facts you find from the evidence.

Do not single out one instruction alone as stating the law. Rather, consider the instructions as a whole.

Do not let the wisdom of any rule of law concern you. You must apply the law in these instructions whether you agree with it or not.

It is your duty to determine the facts. In so doing, you must consider only the evidence I have admitted. The term "evidence" includes the sworn testimony of the witnesses, both live and by deposition, and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits that you feel are justified in the light of your own common sense. The attorneys' statements, objections, and arguments are not evidence. What the lawyers have said is not binding upon you. My legal rulings are not evidence, and my comments and questions are not evidence.

By telling you to consider the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given their testimony. You may measure the credibility of any witness by considering their demeanor on the witness-stand, their frankness or lack of it, and their interest in the outcome of the case, if any. You are free to believe everything that a witness said, only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness said or did something, or failed to say or do something, at some other time that is inconsistent with the witness' present testimony. If you believe any witness has been impeached, and thus discredited, you may determine the weight, if any, to give such a conclusion.

There are two types of evidence: "direct evidence" and "circumstantial evidence." Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw, heard, or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is proof of one or more facts from which one could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. It is your job to decide how much weight to give the direct and circumstantial evidence.

The rules of evidence permit a witness who by education and experience has become an expert in any art, science, or profession to state an opinion and the reasons for it. You should

consider this evidence and give it such weight as you, in the application of your common sense, think it deserves. If you conclude that the reasons supporting an opinion are not sound or that other credible evidence or expert opinions outweigh the opinion of a particular expert, then you may reject that opinion in whole or in part.

The number of witnesses testifying does not necessarily determine the weight you should give testimony. The quality and credibility of the evidence is usually more important in your deliberations. Likewise, the number or length of exhibits does not determine the weight you should give to the exhibits.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

In this case, Plaintiff must persuade you that her claim is more likely true than not.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss the case with anyone outside of the jury or provide anyone outside of the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, or

computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website, such as Facebook, LinkedIn, Instagram, YouTube, Snapchat, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select someone to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

If you have any questions or messages, the foreperson must write them down on a piece of paper, sign them, and then give them to the Court Security Officer. Do not ever write down or tell anyone, including me, how you stand on your votes. The Court Security Officer will give any notes to me, and I will respond as soon as I can. Please understand that I may decide that it would be inappropriate for me to answer a particular question. If I do that, it is not meant as a criticism of the question, but rather reflects my decision that the law does not permit me to answer a particular question.

A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue on which you unanimously agree. The foreperson will then date the form and sign it with his or her name and jury number. You will then advise the Court Security Officer that you are ready to return to the courtroom with your verdict.

I will now read the specific instructions. You should consider and answer them in the order in which they appear.

# INSTRUCTION NO. 1

Plaintiff Justine Moore alleges that Isaak Anderson breached his duty of ordinary care. Under Kentucky law, it was the duty of each of the drivers to exercise ordinary care for his or her own safety and for the safety of other persons using the street. "Ordinary care" means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

If you are satisfied from the evidence that it is more likely true than not that Isaak Anderson failed to exercise ordinary care and that such failure was a substantial factor in causing the accident, then you will find for the Plaintiff.

Otherwise, you will find for the Defendant.

Please indicate your decision under this Instruction in Part One of the Verdict Form. If you found for the Plaintiff, please proceed to Instruction No. 2. If you found for the Defendant on this question, please sign the Verdict Form and tell the Court Security Officer that you have completed your deliberations.

# INSTRUCTION NO. 2

If you have found for the Plaintiff under Instruction No. 1, you must now determine the amount of money that will fairly and reasonably compensate the Plaintiff for any injury or injuries she suffered as a direct result of the motor vehicle accident. Any award you give must be fair compensation in light of the evidence presented at trial—no more and no less. If proved, Plaintiff may recover the following:

(1) Past medical expenses incurred that are substantially related to the Plaintiff's injuries that occurred as a direct result of the motor vehicle accident (not to exceed $48,064.23);

(2) Physical and mental pain and suffering that is substantially related to the Plaintiff's injuries that occurred as a direct result of the motor vehicle accident (not to exceed $200,000); and

(3) Reduction of Plaintiff's power to labor and earn money (not to exceed $238,954).

In determining the amount of damages to award, you should be guided by logic and common sense, drawing reasonable inferences from the evidence. You may not award damages based on mere guesswork; however, the law does not require a plaintiff to prove damages with mathematical precision.

Please indicate the amount of damages, if any, in Part Two of the Verdict Form. Then, proceed to Instruction No. 3.

# INSTRUCTION NO. 3

It was the duty of Plaintiff, Justine Moore, to exercise ordinary care for her own safety and for the safety of other persons using the street. "Ordinary care" means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

If you determine that it is more likely true than not that the Plaintiff failed to exercise ordinary care and that such failure was a substantial factor in causing the accident and her injuries, then answer "Yes" in Part Three of the Verdict Form and proceed to Instruction No. 4. Otherwise, answer "No," sign the Verdict Form, and tell the Court Security Officer that you have completed your deliberations.

## INSTRUCTION NO. 4

If you answered "Yes" in Part Three of the Verdict Form, you must determine what percentage of the total fault for the motor vehicle accident is attributable to Plaintiff Justine Moore and Isaak Anderson. In apportioning fault between Plaintiff and Isaak Anderson, you should consider both the nature of the conduct of each and the extent of damages caused by that conduct. Please indicate your decision under this Instruction in Part Four of the Verdict Form.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-696-CHL

**JUSTINE MOORE,**                                                                       Plaintiff,

v.

**SAFECO INSURANCE COMPANY OF ILLINOIS,**              Defendant.

## VERDICT FORM

### Part One

**We, the Jury**, find for Justine Moore under Instruction No. 1:

         YES _____          NO _____

If you answered "YES," proceed to Part Two.

If you answered "NO," do not answer Parts Two, Three, and Four.

### Part Two

**We, the Jury**, make the following findings of damages under Instruction No. 2:

(1) Past Medical Expenses                          $_____
(not to exceed $48,064.23)

(2) Pain and Suffering                              $_____
(not to exceed $200,000)

(3) Reduction of Earning Power                 $_____
(not to exceed $238,954)

Proceed to Part Three.

## Part Three

**We, the Jury**, find that Plaintiff Justine Moore failed to exercise ordinary care under Instruction No. 3:

YES _____  NO _____

If you answered "YES," proceed to Part Four.

If you answered "NO," do not answer Part Four.

## Part Four

**We, the Jury**, find the percentage of total fault for the accident to be attributable as follows (please do not use fractions or decimal points):

(1) Justine Moore _____%

(2) Isaak Anderson _____%

Total: \_\_\_100\_\_\_ %

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE _____